IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
2008 JUL -1 PM 2:40
TX EASTERN-MARSHALL
BY_____

| | | |
|---|---|---|
| AMERICAN SYRINGOMYELIA ALLIANCE PROJECT<br>*Plaintiff,*<br><br>VS.<br><br>CHIARI AND SYRINGOMYELIA, FOUNDATION,<br><br>*Defendant.* | § § § § § § § § § § § | CIVIL ACTION NO. 2-08CV-262<br>TJW |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

AMERICAN SYRINGOMYELIA ALLIANCE PROJECT, PLAINTIFF, complains of CHIARI AND SYRINGOMYELIA FOUNDATION, DEFENDANT, and for cause of action shows:

1. American Syringomyelia Alliance Project (hereinafter "ASAP"), Plaintiff, is a non-profit corporation organized under the laws of the State of Texas, with its principal place of business located at Longview, Texas.

2. Defendant Chiari Syringomyelia Foundation, Inc. (hereinafter "CSF") is a non-profit corporation organized under the laws of the State of New York, with its principal place of business in Uniondale, New York. Defendant CSF may be served by service of citation on its Chairman, Paul Farrell at 333 Earle Ovington Blvd., Suite 701, Uniondale, New York 11553.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the controversy because of diversity of citizenship thereby invoking diversity of jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy

is in excess of $75,000.00.

4. This Court has venue pursuant to 28 U.S.C. § 1391(a)(2). Venue is proper in the Eastern District of Texas because a substantial part of the events giving rise to the Plaintiff's claims occurred in Gregg County, Texas where Plaintiff's principal office is located.

## BACKGROUND

5. The American Syringomyelia Alliance Project (ASAP) was founded by a Longview family twenty years ago to help people throughout the country that suffer from syringomyelia and Chiari malformations, conditions that affect the lower brain and spinal cord that cause severe chronic pain, vision problems, diziness and orientation difficulties, loss of sensitivity and strength in arms and legs that may lead to paralasis including quadraplesia. These conditions can begin right after birth through old age. Estimated prevalence is 350,000 for Chiari and 200,000 for syringomyelia. The mission of ASAP is to improve the lives of all those affected with syringomyelia and Chiari malformations through patient and caregiver support, public awareness, patient and professional education, advocacy and support of biomedical research.

6. Recently, two of Plaintiff's employees and a volunteer board member resigned and started a new nonprofit with the same mission as ASAP. This organization is Defendant, CSF. Unfortunately, before leaving, one or more of these former staff/volunteer, including, but not necessarily limited to, Dorothy Poppe, took a copy of Plaintiff's database of donors, a list that has taken Plaintiff twenty years to develop. Dorothy Poppe was formerly employed by ASAP and is now the Executive Director of Defendant CSF. This database of donors is proprietary in nature and was a closely guarded asset of the organization. In addition, the donor database contains private personal information of donors that must be protected from unapproved disclosure or dissemination. The

donor database is highly confidential and invaluable for fundraising and communication to interested parties. Access to the database was limited to key personnel and was password protected. Starting in December, this new organization, Defendant CSF, has been using this list to contact our donors and solicit contributions. Due to the nature of donation solicitations and the difficulty in attempting to connect donations received by CSF from donors on our list, as well as the difficulty in attempting to quantify any change in donations to ASAP, Plaintiff has no adequate remedy at law.

## THEFT AND CONVERSION OF TRADE SECRETS

8. Dorothy Poppe held a position of trust and confidence with ASAP and was one of only a few staff with access to ASAP's database of donors. She wrongfully took property of ASAP that was both confidential and proprietary when she left its employ with the specific purpose of using it for Defendant CSF. Plaintiff seeks the return of its donor database and any and all copies made of same, as well as a cessation of the further use of its confidential information and database by Defendant. Defendant CSF has knowingly obtained and accepted possession of ASAP's property in violation of the Texas Theft Liability Act and converted same for its own purposes to the detriment of Plaintiff. Further, Defendants possession and use of the personal and private information of Plaintiff's donors is wrongful and could potentially subject the donors to identity theft concerns and potential liability of Plaintiff.

## INJUNCTIVE RELIEF

9. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff seeks a preliminary injunction during the pendency of this litigation and a final judgment granting a permanent injunction ordering the return of all of Plaintiff's proprietary and trade secret documents and information, that Defendant cease and desist from contacting donors, potential donors,

volunteers or others persons or entities identified in its database, that any information or records that Defendant has provided to any third parties shall be destroyed, permanently deleted from and computer database or software and/or returned to Plaintiff and that Defendant destroy any other information in its possession belonging to Plaintiff that is stored or otherwise maintained electronically. Plaintiff has specific and explicit evidence of the use of its database by Defendant all of which has caused and continues to cause irreparable harm Plaintiff has requested that Defendants voluntarily cease and desist from this wrongful activity in writing and Defendant has refused to do so, hence the necessity of this action and the granting of injunctive relief.

## DAMAGES

10. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

11. Defendant's conduct described above has caused and in all likelihood will continue to cause Plaintiff to suffer economic damages in the form of lost donations and out-of-pocket expenses far in excess of the minimum jurisdictional limits of this court. The precise quantum of said damages are not liquidated and extremely difficult, if not impossible, to ascertain with accuracy. Accordingly, Plaintiff does not seek recovery of damages for breach of fiduciary duties, theft and conversion of confidential and proprietary property but rather return of its property and injunctive relief. However, Plaintiff has been required to retain legal counsel to pursue the protection of its property rights and does seek recovery of its reasonable and necessary attorneys fees and expenses as permitted by the Texas Theft Liability Act and as otherwise permitted both in law and equity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and upon trial of this cause, Plaintiff be granted judgment for:

1.  Permanent injunction for return and protection of its property rights;

2.  Reasonable and necessary attorney's fee and expenses;

3.  Costs of court;

4.  Post-judgment interest at the maximum rate authorized by law;

5.  Such other and further relief, legal and equitable, as Plaintiff may be justly entitled.

Respectfully submitted,

By: _____
Stayton L. Worthington
Attorney in Charge
State Bar No. 22010200
COGHLAN CROWSON, LLP
Suite 211, The Energy Centre
1127 Judson Road
P.O. Box 2665
Longview, Texas 75606-2665
903/758-5543 Telephone
903/753-6989 Facsimile
bworthington@ccfww.com

ATTORNEY FOR PLAINTIFF
AMERICAN SYRINGOMYELIA
ALLIANCE PROJECT

OF COUNSEL:

COGHLAN, CROWSON, LLP